Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 20-61168-tmr7 |
|---|---|
| JOSHUA JAMES SHARPE, | MEMORANDUM OPINION[1] |
| Debtor. | |

Sunwest Financial, Inc., and NW RBI, Inc., creditors in this bankruptcy case, filed a joint motion for an award of attorney's fees against Debtor, Joshua James Sharpe, and his attorney, Michael Fuller (Doc. #42). In support of their motion, Sunwest/RBI filed a declaration of counsel (Doc. #43), an amended declaration of counsel (Doc. #49), and a supplemental statement reducing the amount of the fees requested (Doc. #48). In opposition, Debtor filed a response supported by an attached declaration of counsel (Doc. #45). The court held a hearing for oral argument on the motion.

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

Page 1 of 8 – MEMORANDUM OPINION

In the joint motion for attorney's fees, Sunwest/RCI assert that "they are the prevailing parties and this Court has authority to award such fees." Doc. #42, p. 2. As the bases for the fee request, the movants assert 11 U.S.C. § 105 and the court's inherent authority, along with 28 U.S.C. § 1927 (for purposes of appeal). In addition, although not referenced in the motion, we discussed FRBP 9011[2] at oral argument. I have reviewed the filings in this case, conducted my own research on the controlling cases, and considered the arguments of the parties. I am ready to rule on the issues raised by the motion. For the reasons explained in this opinion, I will deny the motion.

**Facts**

The parties agree on the following relevant facts, which are supported by the record. Sunwest secured a judgment against Debtor on March 2, 2006, in Josephine County Case 051350SC, and Sunwest renewed the judgment on October 2, 2015. At some point, Sunwest engaged RBI to collect on the judgment, and RBI retained attorney Edward Bernardi to assist.

On April 20, 2020, Debtor filed his chapter 7 bankruptcy petition (Doc. #1), and the court entered his discharge on August 3, 2020 (Doc. #14). In his petition and on the required mailing list, Debtor listed Sunwest at an incorrect address. Doc. #42, p. 4. On May 19, 2020, Debtor filed a change of address for Sunwest (Doc. #9), but the new address was also incorrect and identified a totally different company as the creditor. Doc. #42, p. 4. According to the certificates of notice for the bankruptcy filing notice (Doc. #7) and the discharge order (Doc. #16), Sunwest was not sent an official notice of the bankruptcy case at a correct address through the Bankruptcy Noticing Center. Also, the BNC sent neither RBI nor Bernardi any notice of the

---

[2] Pursuant to Local Bankruptcy Rules 9001-1(r) and (s), "FRBP" means a Federal Rule of Bankruptcy Procedure, and "FRCP" means a Federal Rule of Civil Procedure.

bankruptcy between the filing date and the discharge date. The case closed August 3, 2020. Doc. #14.

About August 10, 2020, Bernardi signed and sent a writ of garnishment to Debtor's employer on behalf of Sunwest/RBI. *See* Doc. #19, Doc. #23, and Doc. #27. In response, Debtor's attorney sent Bernardi a letter dated August 24, 2020, asserting the attempts at collection were contempt due to the bankruptcy discharge. *See* Doc. #19 and Doc. #23. The attorney sent the letter via regular mail with no visible notation indicating it was also sent by facsimile or email. The letter did not include contact information such as address, phone number, facsimile number, or email address. That letter was the first notification of the bankruptcy received by Sunset, RBI, or Bernardi. Doc. #40, p. 3, and Doc. #42, p. 3. On August 27, 2020, RBI sent the employer a facsimile letter releasing the garnishment and sent the release via certified mail that arrived September 1, 2020. Doc. #40, p. 5-6 and attachments.

On September 2, 2020, Debtor moved to reopen the case (Doc. #19) and filed a motion for contempt on September 21, 2020 (Doc. #23). Bernardi objected to the motion (Doc. #27), and the court held an initial hearing on the motion on October 13, 2020. Doc. #30. On October 29, 2020, Debtor withdrew the motion for contempt. Doc. #35.

**Attorney's Fees**

Under the "American Rule," bankruptcy law in general does not provide for the recovery of attorney's fees in litigating bankruptcy law issues in bankruptcy court. *See Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007). Bankruptcy law, however, does not prevent the enforcement of statutes authorizing fees or contracts with attorney's fees clauses solely because the fees were incurred to litigate issues of bankruptcy law. *Id.* Thus, the prevailing party may be entitled to an award of attorney's fees only if allowed

under applicable law.  *See Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997) (no general right to attorney's fees in Bankruptcy Code).

The rules provide that bankruptcy courts should treat motions for contempt as contested matters.  FRBP 9020.  Contested matters apply only some of the rules governing adversary proceedings.  *See* FRBP 9014(c).  One adversary rule applied in contested matters is FRBP 7054, which incorporates portions of FRCP 54(d) concerning costs and attorney's fees awarded to the prevailing party.  FRCP 54(d)(2) requires that requests for attorney's fees be brought by motion and filed within 14 days after entry of the ruling.  Sunwest/RBI has done that in this case.

**Inherent Authority/11 U.S.C. § 105**

As indicated above, the Supreme Court has emphasized there is no right to attorney's fees absent statute or enforceable contract.  *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975) (discussing court's inherent power to award attorney's fees).  The Supreme Court, however, has allowed federal courts to exercise their inherent power to assess attorney's fees as a sanction when a party had "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991).

The Ninth Circuit has taken the same position, holding that prevailing parties may receive attorney's fees if their adversaries "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir.1996) (unjustified refusal to honor arbitrator's award equates to bad faith) (citation omitted).  *See also Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 674 (9th Cir. 1998) (prior dismissal of similar suit did not suggest bad faith).  A bankruptcy court may rely on its inherent power as a sanctioning tool.  *See Miller v. Cardinale (In re Deville)*, 361 F.3d 539, (9th Cir. 2004) (requires finding of bad faith).

Congress provided in the Bankruptcy Code that bankruptcy courts may issue any order necessary "to prevent an abuse of process." 11 U.S.C. § 105. This grant of authority recognized that bankruptcy courts have the inherent power to sanction bad-faith conduct in litigation. *See Caldwell v. Unified Capital Corp., (In re Rainbow Magazine)*, 77 F.3d 278, 284 (9th Cir. 1996).

In their motion Sunwest/RBI claim that Debtor's motion for contempt was "unreasonable and vexatious" and that Debtor and his counsel "knowingly or recklessly" raised a claim that was "not objectively reasonable." They further assert that Debtor and his counsel filed the motion even though they knew "there was no factual basis for the claim" and they failed to make any reasonable effort to confirm the asserted facts. Finally, they assert that the cause of the events forming the basis for the contempt motion "was the result of the negligence of Debtor and/or his Counsel."

Debtor argues that the facts as set forth by Sunwest/RBI are not accurate or need supplementation. For purposes of this motion, I can accept the facts as recited by movants as correct, and I can evaluate them for determining whether bad faith exists or whether together they qualify as bad faith. Many of the allegations suggest the problems could have been avoided: failed to properly list the creditors, made improper change of address, sent letter without contact information, and made no telephone call to opposing counsel. It's very possible that the changes suggested by Sunwest/RBI would have made a difference in what occurred. I am particularly troubled by counsel's failure to properly list a known judgment creditor in Debtor's bankruptcy schedules and mailing list. But, none of these asserted deficiencies amount to bad faith or vexatiousness.

The Ninth Circuit has made clear that recklessness is not enough to invoke the court's inherent powers; it requires a finding of bad faith before sanctions may be imposed under the

Page 5 of 8 – MEMORANDUM OPINION

Case 20-61168-tmr7    Doc 53    Filed 03/31/21

court's inherent power. *See In re Keegan Mgmt Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996). *See also Yagman v. Republic Ins.*, 987 F.3d 622, 628 (9th Cir. 1993) (cites *Chambers* in saying court must exercise restraint and discretion). The exception to the American Rule allowing attorney's fees under the court's inherent powers limits the imposition of sanctions to "bad-faith conduct or willful disobedience of a court's orders." *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

Although I understand the frustration of movants, they have not asserted improper conduct required before a court can award attorney's fees under its inherent powers. The courts have made clear that, for sanctions to be imposed, the offending party must do "something more egregious than mere negligence or recklessness." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003). A court must "exercise caution in invoking its inherent power." *Chambers*, 501 U.S. at 50. Sunwest/RBI has not alleged conduct amounting to bad faith or vexatious conduct, and I will not use my inherent power to impose sanctions.

**9011 Sanctions**

Although not included in the Sunwest/RBI motion, at oral argument counsel suggested that sanctions under FRBP 9011 could be a basis for their claim for attorney's fees. FRBP 9011(c) provides that a court may impose sanctions against signing attorneys or parties for violating any of the listed representations to the court. In general, the signing of the pleading represents that the signor, after a reasonable inquiry, has not made the filing for an improper purpose and has determined the claims are warranted and have evidentiary support. FRBP 9011(b).

Imposition of sanctions under FRBP 9011 requires specific procedures including moving for sanctions separately from other motions, describing the specific conduct, and serving the

motion as provided by FRBP 7004. The motion may not be granted unless the moving party has allowed the offending party 21 days to withdraw or correct the offending matter. FRBP 9011(c)(1)(A). This approach allows the offending party an opportunity to withdraw the pleading and thereby escape sanctions. The Ninth Circuit enforces the 21-day "safe harbor" provision in the rules strictly. *See Holgate v. Baldwin*, 426 F.3d 671 (9th Cir. 2005) (court found underlying complaint to be frivolous).

Sunwest/RBI claims that Debtor and counsel filed the contempt motion based on facts they knew were incorrect. They claim that, rather than properly determine the facts, and address any issues related to the garnishment, Debtor and counsel rushed to reopen the bankruptcy case and move for contempt. The allegations suggest that Debtor and counsel both presented facts without evidentiary support and failed to conduct a reasonable inquiry. To impose sanctions under FRBP 9011, the moving party must only make a showing of "objectively unreasonable conduct." *See Miller v. Cardinale (In re Deville)*, 361 F.3d 539, 548 (9th Cir. 2004).

During argument, counsel for Sunwest/RBI agreed that FRBP 9011 gives the offending party time to fix the problem by withdrawing the pleading. Counsel did not assert, and the record does not show, that Sunwest/RBI gave the 21-day notice required by FRBP 9011(c)(1)(A). Failure to comply with that requirement eliminates any ability to move for sanctions on that basis. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (party cannot wait to serve Rule 11 motion). Therefore, Sunwest/RBI is not entitled to an award for attorney's fees under FRBP 9011.

**28 U.S.C. § 1927**

In addition, Sunwest/RBI assert the right to attorney's fees under 28 U.S.C. § 1927, which provides that a "court of the United States" may awards costs and fees against a party "who so

multiplies the proceedings in any case unreasonably and vexatiously." Although Sunwest/RBI fail to provide any details or to make any argument in support of its claim under this statute, they make this request for "purposes of preserving an appeal."

The Ninth Circuit has held that the statutory definition of "court of the United States" in 28 U.S.C. § 451, which applies to 28 U.S.C. § 1972, refers only to Article III courts and not to bankruptcy courts as Article I courts. *See Parroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992) (applying definition to fee waivers in 28 U.S.C. § 1915). The Ninth Circuit Bankruptcy Appellate Panel has held that the *Perroton* limitation applies equally to attorney's fee claims under 28 U.S.C. § 1927. *See, e.g., Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), and *Miller v. Cardinale (In re Deville)*, 280 B.R. 483 (9th Cir. BAP 2002), *aff'd*, *Miller v. Cardinale (In re Deville)*, 361 F.3d 539 (9th Cir. 2004). Based on this authority and the lack of any grounds or supporting caselaw from Sunwest/RBI to rule differently, I find that I lack authority and, therefore, will not award any fees or costs based on 28 U.S.C. § 1927.

**Conclusion**

As described above, I conclude that Sunset/RBI is not entitled to an award of attorney's fees. Based on that conclusion, I do not need to address any issues about the reasonableness of the requested fees. These are my findings of fact and conclusions of law and they will not be stated separately. I will enter a separate order denying the Sunset/RBI motion for attorney's fees.